The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The date of the injury which is the subject of this claim is February 16, 1994.
2. On said date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such date, the employer-employee relationship existed between defendant-employer and plaintiff-employee.
4. At all times relevant hereto, Hartford Accident 
Indemnity Company was the carrier of workers' compensation insurance.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
FINDINGS OF FACT
1. This is a claim of admitted compensability, a Form 21 Agreement having been approved by the Industrial Commission on October 28, 1994. Pursuant to the approved Form 21 Agreement, temporary total disability benefits have been paid to plaintiff at the rate of $190.41 per week from March 1, 1994 through April 15, 1994.
2. Plaintiff is a 41 year old male with an eleventh grade education, who can read and write. Plaintiff previously worked as a vinyl siding and window installer, as well as a laborer on various construction jobs.
3. Plaintiff was employed by defendant-employer in January of 1994 as a yarn service attendant and his duties consisted of retrieving boxes of yarn from a warehouse. The boxes weighed between 175 and 400 pounds and the use of a forklift was limited due to space limitations.
4. On February 16, 1994, plaintiff sustained the admittedly compensable injury, which is the subject of this claim, when he was attempting to lift a box of yarn and felt something snap in his lower back. Plaintiff reported the accident to his employer as evidenced by the Form 19 filed by defendants on February 17, 1994.
5. Plaintiff was treated by Dr. Donald G. Joyce of Charlotte Orthopedic specialists, who referred him to Dr. Leon A. Dickerson. Plaintiff was treated conservatively with physical therapy, medication, and steroid injections.
6. Plaintiff experienced chronic lumbar strain. Plaintiff did not require any surgery to correct this situation. Dr. Dickerson stated that plaintiff could return to light to medium work, with a 35 pound maximum lifting restriction, in accordance with a functional capacity evaluation. Dr. Dickerson concluded that plaintiff did reach maximum medical improvement from his work-related injury on August 16, 1994, and retained a five percent permanent partial impairment to his back as a result of his injury.
7. Dr. Dickerson further testified that no further treatment would be of benefit to plaintiff. He indicated plaintiff could return to work and had, in fact, returned to light duty work in April 1994. When Dr. Dickerson last saw plaintiff on December 23, 1994, plaintiff's condition had not changed and no further therapy or treatment was recommended.
8. Plaintiff did return to work at light duty, which was provided by defendant-employer. Plaintiff continued to work at light duty until September 14, 1994, when he was terminated due to violation of defendant-employer's policy with regard to excessive absences.
9. Since September 1994, plaintiff has worked as a remodeling contractor, doing carpentry and painting. Plaintiff has earned approximately $200.00 per week since September 1994. Plaintiff continues to experience some low back pain.
10. Plaintiff has received unemployment benefits from the Employment Security Commission, of $90.00 per week, for eight weeks beginning on October 8, 1994. The Court takes judicial notice that in order to qualify for such benefits, plaintiff was required to certify that he was able and willing to return to work.
11. Admitted into evidence was a videotape, which was taken by Brenda Ferrell, a licensed private investigator, on October 30, 1995. Said videotape depicted plaintiff engaged in activities as a remodeling contractor. Plaintiff's activities included hammering, carrying wood, which appears to be of little weight, and using a ladder on a very limited basis. In addition, plaintiff was operating a saw over a very limited course of an eight hour work day, and plaintiff was seen doing some bending and stooping on occasions. Plaintiff's activities on the videotape were consistent with plaintiff's testimony regarding continued pain and limitation as a result of his compensable injury.
12. Plaintiff was able to perform a light duty job, which was consistent with the restrictions placed upon him by Dr. Dickerson, until September 1994 when he was terminated for a reason unrelated to his compensable injury.
13. On April 4, 1995, plaintiff was seen by Dr. Thomas M. Florack of Gastonia at the request of his attorney. The history given to Dr. Florack, upon which his opinions are based, is consistent with the credible evidence presented at the hearing and of record.
14. Dr. Florack reviewed the test results of plaintiff's CT scan and indicated a bulging disc, but no nerve root impingement. Dr. Florack diagnosed plaintiff with chronic back pain and felt plaintiff would benefit from a formal therapy program with work hardening and work conditioning for his back.
15. Dr. Florack testified based upon his examination of plaintiff, plaintiff has not reached maximum medical improvement. Further Dr. Florack felt that further treatment was necessary before he could accurately attach a permanency rating to plaintiff's disability.
16. After reviewing the medical testimony of Dr. Dickerson and Dr. Florack the Full Commission gives greater weight to the medical opinion of Dr. Florack than that of Dr. Dickerson.
17. The issue of a permanent partial disability rating will not be addressed at this time until Dr. Florack can submit a rating concerning this issue if any rating is needed.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of this admitted compensable injury, plaintiff is entitled to temporary partial disability benefits under N.C.G.S. § 97-30. Plaintiff has experienced a reduction of his wage earning capacity as a result of his compensable injury by accident of February 16, 1994. Plaintiff is entitled from September 14, 1994 to receive two thirds of the difference between his wages which he was earning at the time of his injury and wages which he had the capacity to earn after his injury for a period not to exceed 300 weeks. N.C.G.S. § 97-30.
2. To the extent it is reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith, defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff, as a result of the injury by accident giving rise hereto when bills for the same are submitted in accordance with the Industrial Commission Rules. N.C.G.S. § 97-25.
*******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for additional workers' compensation is GRANTED.
2. Plaintiff is entitled to receive temporary partial disability as a result of his reduction in wage earning capacity as a result of his February 16, 1994 injury by accident. Plaintiff shall receive from September 14, 1994 two thirds of the difference between his old wages and his new wages for a period not to exceed 300 weeks.
3. To the extent it is reasonably designed to tend to effect a cure or provide needed relief from and/or lessen the period of disability associated therewith, defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff, as a result of the injury by accident giving rise hereto when bills for the same are submitted in accordance with the Industrial Commission Rules.
4. An attorney fee of 25% is hereby APPROVED for plaintiff's counsel. Those sums which have accrued shall be paid in a lump sum. Therefore, plaintiff's counsel shall receive every fourth check.
5. Defendants shall pay costs.
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER